Edwin A. Oster (072169), eoster@bargerwolen.com
Jenny H. Wang (191643), jwang@bargerwolen.com
BARGER & WOLEN LLP
19800 MacArthur Boulevard, 8th Floor
Irvine, California 92612
Telephone: (949) 757-2800
Facsimile: (949) 752-6313

Attorneys for Plaintiff
Provident Life and Accident Insurance
Company

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, a Tennessee corporation,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>JENNIFER H. CAMPBELL, M.D., an individual,<br><br>　　　　Defendant. | Case No.: **'12CV0761 CAB JMA**<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff Provident Life and Accident Insurance Company ("Provident") alleges:

# NATURE OF THIS ACTION

1. <u>Disputed Entitlement to Insurance Benefits</u>.  The disability insurance contracts between Provident and Dr. Jennifer Campbell require Provident to pay her benefits in the event she is totally disabled from performing her occupation as a family physician and is receiving appropriate care for her total disability.  Dr. Campbell asserts that she is totally disabled.  Multiple qualified physicians who have examined her over time, including her treating physician, Dr. Angela Stupi, state otherwise.  Dr. Stupi, who has been treating her for years, says she is presently capable of, at a minimum, part-time return to work in her occupation.  Dr. Brigid Freyne, Board Certified in Internal Medicine and Rheumatology, has examined Dr. Campbell on three occasions going back to 2007.  Dr. Freyne recently confirmed:

> "She is capable of returning to her occupation as a family physician with a part time schedule with advancement to full time after a 3 month adjustment period."

2. <u>Payments Already Made</u>.  Provident has paid $729,900.00 to Dr. Campbell in connection with her disability claim since September 2004.  By this action Provident seeks a determination from this Court of declaratory relief that Dr. Campbell is not entitled to further disability benefits she claims under the three policies at issue in this case.  In addition, Provident will continue to pay Dr. Campbell's disability claim during the pendency of this action until this Court issues its determination of the rights and responsibilities of the parties, which will then govern the relationship between the parties.  By this action Provident seeks

confirmation from this Court of its assessment of the evidence, including the opinions of Dr. Campbell's treating physician and the independent medical examiner, that establishes that her condition does not qualify her for total disability benefits.

## JURISDICTION AND VENUE

2. Jurisdiction and Venue. This Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1332 because Dr. Campbell is of diverse citizenship from Provident and the amount in controversy exceeds $75,000, exclusive of interest and costs, as outlined below. Venue is proper in this Court because (1) Dr. Campbell resides within the Southern District of California, specifically, San Diego County, (2) San Diego County is the place where the contracts between the parties was performed and is to be performed, and (3) other conduct by Dr. Campbell giving rise to the relief sought by means of this civil action took place within the Southern District of California.

## PARTIES

3. <u>Provident</u>. Provident is a corporation organized and existing under and by virtue of the laws of Tennessee with its principal place of business in Chattanooga, Tennessee. Provident is thus a citizen and resident of the State of Tennessee. Provident has been duly licensed and qualified to engage in the insurance business in the State of California.

4. <u>Dr. Campbell</u>. Since approximately 2005, Dr. Campbell was and continues to be a citizen of the State of California and a resident of San Diego, California. She is currently and has been for a number of years working part-time as an instructor for the Pacific College of Oriental Medicine in San Diego, California.

BARGER & WOLEN LLP
19800 MACARTHUR BLVD.
EIGHTH FLOOR
IRVINE, CA 92612
(949) 757-2800

# FACTUAL BACKGROUND

5. <u>Disability Income Insurance Policy</u>. Provident issued three disability income protection policies to Dr. Campbell when she was a resident of Pennsylvania. Each has a provision for total disability benefits. Policy No. 6-334-650288 provides $1,200.00 per month, Policy No. 06-337-6037497 provides $2,710.00 per month, and 06-337-6041431 provides $4,200.00 per month in the event that Dr. Campbell is totally disabled from performing her own occupation as defined in the policies and under California law. A true and correct copy of each policy is attached hereto as Exhibit "A", "B", and "C," respectively, and is incorporated by this reference.

6. <u>Submission of Claim</u>. Dr. Campbell worked as a family physician in Wattendale, Pennsylvania for a number of years. She ultimately sold her practice but remained an employee of the new owners until she was laid off by the practice in March 2004. In June 2004, Dr. Campbell submitted a claim for benefits stating that she was totally disabled as of May 4, 2004. She said she was incapable of performing her duties as a family physician due to various complaints including a torn left thigh/hip muscle, bursitis of hips and shoulder, inflammatory arthritis, tendonitis of elbows and Achilles, chronic anemia, asthma, and fibromyalgia. Provident believes Dr. Campbell moved from Pennsylvania to California sometime in early 2005.

7. <u>Claim Investigation</u>. When Dr. Campbell submitted her claim, Provident promptly began the claim process, including the gathering of medical and factual information necessary to reach a correct claim determination.

8. <u>Claim Payment</u>. As noted above, after accounting for the contractual elimination period, Provident began making total disability payments to Dr. Campbell in September 2004, and has made payments to her continuously since that time. The

payments are continuing. Dr. Campbell has received full payment for her disability claims, and nothing has been withheld. Provident will continue to make full payments to Dr. Campbell while this action is pending subject to the declaration of rights and duties from the Court.

9. <u>Ongoing Investigation and IME</u>. While disability claims are open they are monitored on an ongoing basis because people get better and people get worse. While making payments to Dr. Campbell, Provident undertook to educate itself about Dr. Campbell's claim and her medical condition by contacting her physicians, obtaining her records and engaging in dialogue with her treaters in order to reach a correct decision, both initially and on a continuing basis. In this regard, among other things Provident requested and Dr. Campbell agreed to an Independent Medical Examination that was performed by Dr. Brigid Freyne. In view of the medical conditions identified by Dr. Campbell and her doctors, Provident sought a highly-qualified neutral physician to examine Dr. Campbell. Dr. Freyne is Board Certified in Internal Medicine and Rheumatology as noted earlier.

10. <u>IME of June 12, 2007</u>. Dr. Freyne reviewed the medical records and history of Dr. Campbell and personally conducted a physical examination of Dr. Campbell. For all of the reasons detailed in her report dated June 12, 2007, Dr. Freyne concluded that the Dr. Campbell could work on a part-time basis as a family practitioner.

11. <u>September 24, 2007 Response from Dr. Stupi.</u> Provident shared the results of the June 12, 2007 IME with Dr. Campbell's rheumatologist, Dr. Angela M. Stupi. Dr. Stupi practices in Pennsylvania. Dr. Stupi expressed her concerns with the IME findings by way of letter dated September 24, 2007. Provident continued to make payments while further evaluating and monitoring the situation. In March,

2008 updated medical records were obtained and provided to Dr. Freyne, who reviewed them and continued to express a difference of opinion about Dr. Campbell's status being totally disabled as claimed by Dr. Campbell.

12. <u>IME of October 8, 2009</u>. While continuing to monitor the situation and needing an updated opinion, Provident requested and Dr. Campbell agreed to a second IME with Dr. Freyne. After reviewing updated medical records and examining Dr. Campbell, Dr. Freyne concluded that Dr. Campbell could return to family practice for four hours per day with a re-evaluation in three months time to assess the extent to which she could then advance to full-time employment.

13. <u>Additional Review and Investigation From Late 2009 through August 2011</u>. To ensure that Provident fully understood Dr. Campbell's functional abilities, subsequent inquiries were made to Dr. Freyne. Provident also met with Dr. Campbell personally to obtain an updated status from Dr. Campbell herself. As a result of information obtained during this period, Provident also needed to assess Dr. Campbell's new diagnosis of Sjorgren's Syndrome.

14. <u>IME of August 29, 2011.</u> Seeking an updated opinion, Provident requested and Dr. Campbell agreed to a third IME with Dr. Freyne. Dr. Freyne reviewed prior and updated medical records and examined Dr. Campbell, as detailed in her lengthy report. With respect to the Sjorgren's Syndrome diagnosis, Dr. Freyne did not find evidence to support the actual diagnosis. Dr. Freyne also noted that even assuming Dr. Campbell did have the syndrome, it would not intrinsically change her condition. Dr. Freyne continued to conclude that Dr. Campbell was capable of returning to her occupation as a family physician on a part-time schedule with advancement to full-time after a three month adjustment period. Important considerations cited by Dr. Freyne included what Dr. Freyne earlier described as "a

very active lifestyle. She appears to be functioning at a high level both physically and mentally." Dr. Freyne opined that while Dr. Campbell is now age 66, "[h]er mental and physical condition actually places her well above the median expected for her age."

15. <u>Discussion with AP Dr. Schwartz – No Comment</u>. Provident shared the results of the August 29, 2011 IME with Dr. Campbell's primary care physician in California, Janet Schwartz, M.D. When asked during a conversation with Provident on October 4, 2011 if she had any comments regarding the findings of the IME, Dr. Schwartz stated that she did not.

16. <u>Dr. Stupi Agrees With Part Time Work Assessment</u>. Provident again shared the results of the August 29, 2011 IME with Dr. Campell's rheumatologist, Dr. Stupi. During a doctor-to-doctor conversation occurring on January 3, 2012 with Dr. Norman Bress, Provident's On-Site Physician, Dr. Stupi agreed that Dr. Campbell is capable of part time work.

17. <u>IME Provider Dr. Freyne's January 31, 2012 Review of Updated Medical Records and Dr. Bress's Opinion</u>. Dr. Stupi also provided Provident with updated medical records. Provident submitted Dr. Stupi's updated medical records to Dr. Freyne to ascertain whether these would alter Dr. Freyne's opinion in any fashion. After reviewing the records, Dr. Freyne continued to opine that Dr. Campbell was capable of work as a family physician. Provident's On-Site Physician, Dr. Norman Bress, is Board Certified in Internal Medicine and Rheumatology. He also determined that Dr. Campbell is capable of returning to work as a family physician upon review of the totality of the medical evidence.

BARGER & WOLEN LLP
19800 MACARTHUR BLVD.
EIGHTH FLOOR
IRVINE, CA 92612
(949) 757-2800

18. <u>Ongoing Claim Payment and Full Claim Payment to Date</u>.  Provident continues to make full payment to Dr. Campbell notwithstanding the present request for a declaration from the Court and will continue to do so until the Court provides further guidance to the parties.  In so doing, Provident will not seek repayment of any benefit payments made from Dr. Campbell regardless of the outcome of this action.

## FIRST CAUSE OF ACTION
### (Declaratory Relief)

19. <u>Incorporation by Reference</u>.  Provident incorporates by reference paragraphs 1 through 19, inclusive, as though fully set forth at this point.

20. <u>Actual Controversy</u>.  An actual controversy has arisen and now exists between Provident and Dr. Campbell concerning their respective rights and duties under the policies as described within.  This Court is authorized and empowered to declare and adjudicate the rights and legal relationships of the parties to this action with reference to the issues raised by this Complaint.

21. <u>Provident's Contentions</u>.  Provident contends that Dr. Campbell is not totally disabled within the meaning of the policies and California law and/or is not entitled to further disability benefits from and after such date the Court may determine.

22. <u>Dr.Campbell's Contentions</u>.  Provident is informed and believes and based thereon alleges that Dr. Campbell disputes Provident's contentions and contends that she is entitled to permanent and ongoing Total Disability benefits from the present through the policies' maximum benefit duration, which is lifetime. Specifically, Provident is informed and believes and thereon alleges that Dr.

1 | Campbell contends she is entitled to total disability benefits of $8,110 per month
2 | collectively under the three policies for her lifetime.

23. <u>Desire for Judicial Determination</u>. Provident desires a judicial determination of the rights and obligations of each of the parties to this action with respect to the policies.

24. <u>Judicial Determination Necessary and Appropriate</u>. A judicial determination is necessary and appropriate at this time in order that each of the parties may ascertain her or its respective rights duties as to one another and may conduct themselves accordingly now and in the future.

WHEREFORE, Provident prays:

1. For a declaratory judgment of this Court with respect to the policies at issue herein, decreeing the rights, duties and obligations of the parties consistent with the contentions of Provident as set forth above in paragraph 22;

2. For judgment in favor of Provident and against Dr. Campbell; and

3. For such other and further relief as the Court deems proper and just.

DATED: March 29, 2012    BARGER & WOLEN LLP

By: /s/ *Jenny H. Wang*
    EDWIN A. OSTER
    JENNY H. WANG
    Attorneys for Plaintiff
    Provident Life and Accident
    Insurance Company