Michael J. Bidart (CA Bar No. 60852)
Shernoff Bidart Echeverria Bentley, LLP
600 South Indian Hill Blvd
Claremont, CA 91711-5444
Ph: 909-621-4935
Fax: 909-625-6915
e-mail: mbidart@shernoff.com

Richard H. Friedman (CA Bar No. 221622)
Friedman | Rubin
1126 Highland Avenue
Bremerton, WA 98337
Ph: 360-782-4300
Fax: 360-782-4358
e-mail: rfriedman@friedmanrubin.com

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>        Plaintiff,<br>vs.<br>JENNIFER CAMPBELL, M.D.,<br>        Defendant. | Case No.: 12CV0761 CAB JMA<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO F.R.C.P. 12(b)(1)**<br><br>Judge: Bencivengo<br>Courtroom No.: 2<br>Hearing Date: October 19, 2012 at 1:30 pm |

## I. INTRODUCTION

This matter arises from Provident Life and Accident Insurance Company's (PL&A) desire to stop paying benefits to Dr. Jennifer Campbell, its insured, who, under the terms of her policies, if disabled by sickness before age 60, is entitled to benefits for life. Doc. 1-1 at 14; Doc. 1-2 at 4; Doc. 1-3 at 6. At the time that PL&A filed this action, defendant, Dr. Campbell was 66 years old. At the time that PL&A accepted liability for the claim on which its current contractual liabilities are based, Dr. Campbell was 59 years old.

Each of Dr. Campbell's three policies is non-cancellable and guaranteed renewable to age 65 at guaranteed premiums. After age 65 Dr. Campbell has a conditional right to renew her policies, but only if she is employed full time at age 65. If renewed past age 65, premiums are not guaranteed and may be increased. Doc. 1-1 at 11; Doc. 1-2 at 2; Doc. 1-3 at 3. Dr.

Campbell was found disabled by PL&A at age 59. She has not worked full time since becoming disabled from her occupation. If PL&A prevails in this action she will not be able to renew her policies.

While PL&A, through filing its declaratory judgment action, has sought permission of this Court to terminate the payment of benefits to its insured, the Court lacks power to grant such relief. The Court lacks the power because it lacks subject matter jurisdiction. Without subject matter jurisdiction, this Court must dismiss PL&A's action.

## II. **DISCUSSION**

Federal courts are courts of limited jurisdiction. The presumption is that the court lacks jurisdiction and it is the burden of the party seeking the court's assistance to establish the court's jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994); *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189, 56 S.Ct. 780 (1936); *Guglielmino v. McKee Foods Corp.,* 506 F.3d 696, 701 (9th Cir. 2007) (O'Scannlain, J. concurring).

The Declaratory Judgment Act, 28 U.S.C. § 2201, permits federal district courts in their discretion to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." The Declaratory Judgment Act does not, however confer subject matter jurisdiction. *Maryland Casualty Co. v. Knight*, 96 F.3d 1284, 1288 and n. 4 (9th Cir. 1996) ("Actions brought under the Act must be founded on an independent basis for subject matter jurisdiction") *citing*, *Staacke v. United States Secretary of Labor*, 841 F.2d, 278, 280 (9th Cir. 1988).

The sole basis for PL&A's claim of subject matter jurisdiction in this matter is its assertion that there is complete diversity between the parties and that the amount in controversy exceeds $75,000.00. Doc. 1 at 3:7-10. While Dr. Campbell agrees that there is complete diversity between herself and PL&A, she denies that there is $75,000.00 in controversy. PL&A's Complaint admits as much when scrutinized under the appropriate legal standard.

For purposes of invoking the Court's diversity jurisdiction, the amount in controversy is determined at the time an action is commenced. *Commercial Casualty Ins. Co. v. Fowles*, 154

F.2d 884, 886 (9th Cir. 1946); *Morongo Band of Mission Indians v. California. State Bd. of Equalization*, 858 F.2d 1376, 1380 ("subject matter jurisdiction must exist at the time the action is commenced") *citing Mollan v. Torrance*, 22 U.S. (9 Wheat.) 536, 538, 6 L.Ed. 154 (1824); *Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 248 (7th Cir. 1981), *cert. denied*, 455 U.S. 993, 102 S.Ct. 1622, 71 L.Ed.2d 855 (1982); *Mobil Oil Corp. v. Kelley*, 493 F.2d 784, 786 (5th Cir. 1974), *cert. denied*, 419 U.S. 1022, 95 S.Ct. 498, 42 L.Ed.2d 296 (1974); *New York Life Ins. Co., v. Regelson-Blanck*, 2004 WL 2403841 at *4 (N.D. Cal. 2004).

The issue therefore becomes what amount was in controversy as of the time PL&A filed suit against its insured. The answer to that question, as demonstrated by reading PL&A's Complaint, Doc. 1, is zero dollars.

In ¶ 8 of its Complaint PL&A alleges it has made full claim payment, that nothing has been withheld, and that it will continue to make such payments throughout the pendency of this proceeding. Doc. 1 at 4:26-5:4. In ¶ 18 PL&A affirms its intention to continue making payments and states unequivocally with respect to both past payments and payments made during the pendency of the suit that, "Provident will not seek repayment of *any* benefit payments made from Dr. Campbell regardless of the outcome of this action." *Id.* at 8:1-5 (emphasis added)). That PL&A is not seeking any monetary award is confirmed by the prayer for relief. Doc. 1 at 9:13-21. With no amount of money currently in controversy, let alone $75,000, the Complaint must be dismissed for lack of jurisdiction. *Shoemaker v. Sentry Life Ins. Co.,* 484 F.Supp.2d 1057 (D. Ariz. 2007); *New York Life Ins. Co. v. Regelson-Blanck, supra.*

Dr. Campbell anticipates that PL&A may argue that the Court should consider both the benefits it has committed to pay during the pendency of the litigation, as well as its potential liability for future benefits, as establishing an amount in controversy in excess of $75,000.00. But in making such an argument PL&A would be asking the Court to deviate from the law. Under Ninth Circuit law, and that of other Circuit Courts of Appeal, a district court may consider the future value of benefits that might be paid *only* where the insurer is challenging the validity of the contract. Where the insurer is simply challenging whether the insured has met

the conditions for payment of benefits, the future benefits may not be considered. *Commercial Cas. Ins. Co. v. Fowles*, 154 F.2d at 886; *Keck v. Fidelity and Cas. Co. of New York*, 359 F.2d 840, 841 (7th Cir. 1966); *Mutual Life Ins. Co. of New York v. Moyle*, 116 F.2d 434, 435 (4th Cir. 1940); *accord Shoemaker v. Sentry Life Ins. Co.*, supra at 1058 (collecting cases); *Massachusetts Cas. Ins. Co. v. Harmon*, 88 F.3d 415, 416-17 (6th Cir. 1996) (stating general rule but finding under that case validity of policy was in issue and therefore total value could be considered); Joseph E. Edwards, *Determination of Requisite Amount in Controversy in Diversity Action in Federal District Court Involving Liability Under, or Validity of Disability Insurance*, 11 A.L.R. Fed. 120, 132 (1972) (collecting cases across circuits; where validity of policy is not in issue, value of future benefits can not be considered in determining amount in controversy).

No reading of the Complaint suggests that PL&A is challenging the validity of the three policies it issued to Dr. Campbell in 1985 (Doc. 1-1 at 14) and 1990 (Doc. 1-2 at 4; Doc. 1-3 at 5). Because PL&A is not challenging the validity of the policies, the Court must not consider future benefits, whether those PL&A has committed to pay during the pendency of litigation, or those for which it might be liable should it lose its case, in determining whether the amount in controversy requirements of 28 U.S.C. § 1332 is met.

Plaintiff anticipates that PL&A will ask the Court to follow the rationale of the court in *Massachusetts Casualty Ins. Co. v. Rossen*, 953 F.Supp. 311 (C.D. Cal. 1996). There, Massachusetts, Casualty, which had been paying benefits under reservation of rights, instituted a declaratory judgment action to determine the rights of the parties. Part of the relief it sought was restitution of payments made under reservation prior to suit and it further wanted restitution of any amounts paid during the declaratory judgment action.

The Court should not find *Rossen* legally persuasive and it is factually distinguishable such that it is inapplicable to this case. As to legal persuasiveness, *Rossen* is clearly contrary to Ninth Circuit precedent as expressed by *Commercial Cas. Ins. Co. v. Fowles, supra*. Furthermore, in reaching the conclusion that it could consider future payments in order to establish jurisdictional amount, the *Rossen* court misconstrued the Supreme Court decision it

relied upon -- *Aetna Casualty & Surety Co. v. Flowers*, 330 U.S. 464, 67 S.Ct. 798, 91 L.Ed. 1024 (1947) -- as pointed out by the Northern District in its decision rejecting the same argument in *New York Life Ins. Co. v. Regelson-Blanck*, 2004 WL 2403841 at *5.[1]

As to being factually distinguishable, here, PL&A has not paid benefits under reservation of rights and disclaims any intent to seek reimbursement of either past paid benefits or of the benefits it will pay during the pendency of the case. Doc 1 at 8:1-5. As previously discussed, its prayer seeks neither restitution nor damages. Under these facts, the legally questionable rationale of the *Rossen* "exception" is simply inapplicable.

Neither can PL&A establish jurisdiction through reliance on *Albino v. Standard Ins. Co.*, 349 F.Supp.2d 1334 (C.D. Cal. 2004). *Albino* involved a claim for breach of contract and bad faith asserted against Standard Insurance Company. Standard removed to federal court and the plaintiff sought a remand back to state court. The issue in *Albino* was whether the federal court's jurisdictional limit had been established. At the time the plaintiff filed her claim the value of benefits denied was $2,002.26, an amount the district court characterized as "far below the jurisdictional requirement." *Albino*, 349 F.Supp.2d at 1338. The court then went on to consider whether, if future benefits were recoverable, the jurisdictional limit would be established. First addressing the plaintiff's claim for breach of contract, the court held that under a breach of contract theory the future benefits could not be considered to establish federal court jurisdiction. *Id.* at 1339. The court then went on to consider whether the jurisdictional limit would be met if it considered the plaintiff's claim for tortious bad faith. It concluded that because Albino was claiming that Standard had committed a tort, and was seeking accelerated benefits under California tort law as a result thereof, the amount in controversy was met. *Id.* at 1339-40. *See Egan v. Mutual of Omaha Life Ins. Co.*, 598 P.2d 452, 460 n. 7, *modified on rehearing*, 620 P.2d 141, 149 n. 7 (1979), *cert. denied sub nom, Mutual of Omaha Ins. Co. v. Egan*, 445 U.S. 912 (1980) (holding that California breach of contract law did not permit the

---

[1] Dr. Campbell notes that the same law firm represented the insurer in *Regelson-Blanck* as represents PL&A in this matter.

acceleration of benefits of a disability contract, but further holding that tort violation of duty of good faith and fair dealing would permit acceleration).

In contrast to *Albino*, PL&A cannot point to any theory of affirmative relief alleged by Dr. Campbell that results in this Court having subject matter jurisdiction. None has been asserted. Under California law, the bare filing of a declaratory judgment action alone does not give rise to any counterclaim for bad faith. *Atlas Assurance Co. v. McCombs Corp.,* 146 Cal.App.3d 135, 150, 194 Cal.Rptr. 66, 74 (1983); *Dalrymple v. United Services Auto. Ass'n,* 40 Cal.App.4th 497, 46 Cal.Rptr.2d 845 (Cal. App. 1995). With no counterclaim asserted against it for any amount, let alone an amount in excess of the jurisdictional limit, PL&A cannot rely on *Albino's* analysis of the tort damages available under California tort law to establish subject matter jurisdiction.

### III. CONCLUSION

For the reasons set forth above, the Court should hold that it lacks subject matter jurisdiction to hear PL&A's declaratory judgment action. The action should be dismissed.

DATED this 20th day of August, 2012.

*/s/ Michael J. Bidart*  
Michael J. Bidart  
Shernoff Bidart Echeverria Bentley, LLP

Attorneys for Jennifer Campbell, M.D.

*/s/ Richard H. Friedman*  
Richard H. Friedman  
Friedman | Rubin

# CERTIFICATE OF SERVICE
## STATE OF WASHINGTON, COUNTY OF KITSAP

I am employed in the County of Kitsap, State of Washington. I am over the age of 18 and not a party to the within action; my business address is 1126 Highland Ave., Bremerton, WA 98337. Email address: dwatkins@friedmanrubin.com.

I HEREBY CERTIFY that on August 20, 2012 I electronically filed Campbell's Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to F.R.C.P. 12(b)(1) and the Memorandum in Support with the Clerk's Office using the CM/ECF System which provided for transmittal of a notice of Electronic Filing to the following CM/ECF registrant(s):

Edwin A. Oster
Jenny H. Wang
BARGER & WOLEN LLP
19800 MacArthur Blvd., 8th Fl.
Irvine, CA   92612

Telephone: (949) 757-2800
Facsimile: (949) 752-6313

Email: eoster@bargerwolen.com
       jwang@bargerwolen.com

Counsel for Provident Life and Accident Insurance Company

I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America and the State of Washington that the above is true and correct. Executed at Bremerton, Washington on August 20, 2012.

/s/ Dana C. Watkins
Dana C. Watkins